UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENNETH L. BURTON,** *et al.***,**

    **Plaintiffs,**

vs.                                                                                  Case No. 8:04-cv-112-T-MSS

**HILLSBOROUGH COUNTY,**
**FLORIDA,**

    **Defendant.**
_____/

## ORDER

On March 14, 2004, the parties to this case entered into a Limited Settlement Agreement resolving all issues in the case with the exception of the issue of "drive-time" compensability, that is, whether Plaintiffs are entitled to compensation for time spent traveling in Defendant's vehicles to and from designated locations to work and to return their work vehicles. After filing the Limited Settlement Agreement, the parties filed cross motions for summary judgement. Plaintiffs filed a Motion for Partial Summary Judgment on the remaining issue of drive-time compensability (Dkt. 51), and Defendant filed a Motion for Summary Judgment on the Pleadings and, Alternatively, for Summary Judgment as to Commute Time Issue (Dkt. 52).

On December 16, 2004, the Undersigned entered an order granting summary judgement on the issue of drive-time compensability in Plaintiffs' favor and denying Defendant's Motion for Summary Judgement on that issue (Dkt. 71) (the "December 16 Order").

The December 16 Order resolved all remaining issues in the case. Defendant, interested in appealing the December 16 Order, moved this Court for Entry of Judgement (Dkts. 71 and 81). Plaintiffs opposed such an entry unless it was "conditional" (Dkt. 73). Since Plaintiffs filed their

opposition, the "conditions" they sought have been addressed through various means, including the creation of an Addendum to the Limited Settlement Agreement (Dkt. 77).  The one "condition" remaining is Plaintiffs' request that the Court retain jurisdiction over the Limited Settlement Agreement, as amended, for enforcement purposes.  The Undersigned declines to retain jurisdiction of the Limited Settlement Agreement, as amended, for any purpose. The Limited Settlement Agreement, as amended, is silent on this issue and it is not the Undersigned's practice to retain jurisdiction where jurisdiction would not otherwise lie by statute.  See In re T2 Medical, Inc., 130 F.3d 990,  (11th Cir.1997) (quoting "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction" from Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S.Ct. 1673 (1994)). In Kokkonen the Supreme Court stated  ". . . enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Id. at 382 and 1677.)

In light of the above and being otherwise fully advised, the Undersigned finds that an unconditional Entry of Judgement for Plaintiff on the limited issue of drive-time compensability is appropriate.  Accordingly, it is **ORDERED** that:

Pursuant to Fed. R. Civ. P. 58, the Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff on the limited issue of drive-time compensability, and to **CLOSE** this case.  All pending motions are **DENIED** as **MOOT**.

**DONE** and **ORDERED** in Tampa, Florida on this 18th day of July, 2005.

Copies to:     Counsel of Record

MARY S. SCRIVEN
United States Magistrate Judge